UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRO PUBLICA, INC.,

                      Plaintiff,

-against-

UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 20-4092

**COMPLAINT**

Plaintiff PRO PUBLICA, INC. ("ProPublica"), by and through its undersigned attorneys, alleges:

## INTRODUCTION

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain an order compelling Defendant United States Department of Human Health and Services ("HHS") to process two sets of FOIA requests made to HHS by ProPublica on an expedited basis, and to promptly produce all non-exempt responsive records.

2. The records sought here concern the Strategic National Stockpile (the "Stockpile"), an emergency reservoir of drugs and medical supplies overseen by HHS. Though the Stockpile has been the source of much debate and controversy during the COVID-19 pandemic, the public has been kept largely in the dark about basic facts related to it – its general condition, how its assets have been allocated among states, and even its core purpose. ProPublica brings this lawsuit to obtain records that would shed light on these and other urgent, critical questions, and to vindicate the public's right to understand and evaluate its Government's response to the current public health crisis.

## PARTIES

3. Plaintiff ProPublica, a non-partisan newsroom based in New York, publishes its reporting through its website, www.propublica.org. As an independent news organization dedicated to producing investigative journalism in the public interest, ProPublica has been honored with numerous awards, including six Pulitzer Prizes, and has published one or more articles in partnership with more than 200 different news organizations, including more than 40 already in 2020.

4. ProPublica is headquartered in this judicial district at 155 Avenue of the Americas, 13th Floor, New York, New York 10013.

5. Defendant HHS is an agency of the federal Government that has control of the records sought by ProPublica's FOIA requests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is premised on ProPublica's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8. HHS has failed to comply with FOIA's time limit provisions, and therefore, ProPublica is deemed to have exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## BACKGROUND

### The Strategic National Stockpile

9. The Stockpile is "a cache of medical supplies and pharmaceuticals established in 1999 to respond to sudden crises like COVID-19." Tony Schick & Conrad Wilson, *Medical Workers Treating Coronavirus Are Resorting to Homemade Masks*, ProPublica (Mar. 26, 2020),

https://bit.ly/34Zj9sR.  The type of medical equipment it contains – including ventilators, N95 masks, and other personal protective equipment – has been crucial to efforts to combat the spread of coronavirus and to permit medical personnel to adequately treat those infected.

10. Troublingly, however, the public has had little access to credible information about the Stockpile.  Public officials have made conflicting and incomplete statements about the Stockpile's inventory.  *See, e.g.*, David E. Sanger, Zolan Kanno-Youngs & Nicholas Kulish, *A Ventilator Stockpile, With One Hitch: Thousands Do Not Work*, N.Y. Times (Apr. 1, 2020), https://nyti.ms/2RZmnaJ; Berkeley Lovelace Jr., *HHS clarifies US has about 1% of face masks needed for 'full-blown' coronavirus pandemic*, CNBC (Mar. 4, 2020), https://cnb.cx/3ayESJs.  At one point, the President shifted the blame for the shortage of supplies on the prior administration, which he said left the Stockpile as an "empty shelf."  *Remarks by President Trump, Vice President Pence, and Members of the Coronavirus Task Force in Press Briefing*, The White House (Mar. 26, 2020), https://bit.ly/2SEJacm.  The federal Government has also been unclear about how the Stockpile's assets have been distributed among the states, leading some to speculate that the "uneven distribution of supplies [has been] driven by political goals."  Adam Clark Estes, *America's emergency medical stockpile is almost empty. Nobody knows what happens next.*, Recode (Apr. 7, 2020), https://bit.ly/2RZdazb.

11. There has even been confusion about the Stockpile's core purpose.  Until last month, HHS described the Stockpile as "the nation's largest supply of life-saving pharmaceuticals and medical supplies for use in a public health emergency severe enough to cause local supplies to run out."  Andrea Bernstein, *How Jared Kushner Is Tackling the White House's Coronavirus Response — Without Any Evident Experience*, ProPublica (Apr. 22, 2020), https://bit.ly/2XWmsjh.  But, at press briefing on April 2, 2020, Jared Kushner, a senior advisor

3

to President Trump, suggested the Stockpile was not primarily designated for use by the states. *Id.* The next day, HHS changed the description of the Stockpile on its website accordingly: "The Strategic National Stockpile's role is to supplement state and local supplies during public health emergencies." *Id.*

### ProPublica's FOIA Requests

12. To aid its reporting about the Stockpile, ProPublica filed two sets of FOIA requests with HHS in March and April 2020 (collectively, the "Requests").

13. On March 17 and 18, 2020, ProPublica submitted the first set of requests to HHS seeking records related to guidance and approvals for distribution of Stockpile assets. Specifically, these three requests seek:

   a. "Copies of any memoranda or other guidance issued by officials overseeing the Strategic National Stockpile regarding requests, approvals, and/or distribution of assets in the SNS in response to the coronavirus (COVID-19) between December 15, 2019 and the date on which this is processed." (Assigned tracking number HHS 2020-00695-FOIA-OS).

   b. "Records of any approvals for and deployments of any Strategic National Stockpile assets to state, tribal, territorial, federal agencies, or other entities, between December 15, 2020 and the date on which this is processed, that include:

   - Description of the product(s) distributed (e.g., Surgical 95 Respirator).
   - Number of units of each product issued.
   - Federal agency or state/tribal nation/territory/locality where the distribution is being sent.
   - Where applicable, the names of facilities where the products are being sent.
   - Date of approval and distribution/shipment to jurisdiction."

   This request noted that it was "not looking for client-level data subject to HIPAA, nor . . . for data involving the classified locations of the facilities doing the disbursements." (Assigned tracking number HHS 2020-00706-FOIA-OS).[1]

---

[1] This request's reference to December 15, 2020 (a date after the request was submitted) was an obvious typographical error. As noted below, ProPublica sought to amend the request to correct that on April 29, 2020.

    c. "A copy of the most recent manual for Receiving Distributing and Dispensing Strategic National Stockpile Assets (or similar) created within the Office of the Assistant Secretary for Preparedness and Response." (Assigned tracking number HHS 2020-00714-FOIA-OS).

14. On March 17 and 18, and April 3, 2020, ProPublica submitted a second set of FOIA requests to HHS seeking correspondence and requests related to distribution of Stockpile assets. Specifically, these four requests seek:

    a. "Copies of all requests for Strategic National Stockpile assets from state departments of health, state governors, and/or other state, tribal, territorial, or local authorities," and copies of such requests "from national agencies (including, but not limited to, FEMA)" from "January 15, 2020 to the date on which this is processed." The request also sought "any federal requests related to U.S. repatriation efforts." (Assigned tracking number 2020-00658-FOIA-OS).

    b. "Copies of all email communications sent by or received (including forwarding) by the National Strategic Stockpile's Acting Director Steven Adams or his immediate staff in the Division of Strategic National Stockpile to/from any state, tribal, territorial, or local-level authorities between December 15, 2019 and the date on which this is processed containing any of the following terms: Respirator, Respirators, Ventilator, Ventilators, RPD." (Assigned tracking number 2020-00694-FOIA-OS).

    c. "Copies of all email communications sent by or received (including forwarding) by the National Strategic Stockpile's Acting Director Steven Adams or his immediate staff in the Division of Strategic National Stockpile to/from any state, tribal, territorial, or local-level authorities between December 15, 2019 and the date on which this is processed containing any of the following terms: Coronavirus, COVID-19, COVID19, N95, N-95, Mask, Masks, PPE, 'personal protective equipment.'" (Assigned tracking number 2020-00707-FOIA-OS).

    d. "Calendars and call logs for the following individuals involved in the COVID-19 outbreak response: Assistant Secretary for Preparedness and Response Robert Kadlec, Principal Deputy Assistant Secretary for Preparedness and Response Kevin Yeskey, National Strategic Stockpile Acting Director Steven Adams, between January 1, 2020 and April 3, 2020." (Assigned tracking number 2020-00861-FOIA-OS).

15. ProPublica sought expedited processing for each of the Requests. The Requests noted that ProPublica is an organization "primarily engaged in disseminating information in the public interest," and stressed the "compelling need" for disclosure because of "the urgency to

inform the public concerning actual or alleged Federal Government activity." As the Requests explained, there is an "urgency for Americans to better understand the federal government's response to [the] public health emergency" created by the coronavirus. The condition and utilization of the Stockpile, ProPublica explained, is an especially compelling and urgent issue, given confusion about its "current status . . . , how it will be expanded, and how and whether state requests for supplies will be filled."

16. On April 22, 2020, ProPublica emailed HHS regarding request HHS 2020-00706-FOIA-OS. ProPublica sought to amend the request's date range to cover the period between January 15, 2020 and the date on which the request is processed.

17. On May 4, 2020, an HHS representative responded to ProPublica by email, indicating that the analyst assigned to the FOIA request had been made aware of the amendment to the date range.

18. On or about May 4, 2020, ProPublica became aware of the possibility that emails from HHS (including potentially emails regarding expedited processing determinations) were being inadvertently caught in its spam filters, and that it was not receiving alerts about such emails. ProPublica promptly sought to recover such emails, but was unable to do so for emails received more than 30 days earlier, which had been automatically and permanently deleted by the filtering system.

19. On May 8, 2020, ProPublica contacted HHS by email and telephone to ascertain whether the agency had made expedited processing determinations on any of its FOIA Requests. After ProPublica sent follow-up emails and made additional telephone calls, an HHS representative replied by email on May 15, 2020, stating that the agency's "database [was] down for migration today" and that she would provide an update on May 18, 2020.

20. On May 18, 2020, an HHS representative emailed ProPublica a letter dated May 12, 2020, denying expedited processing for one of its FOIA Requests (2020-00861-FOIA-OS). HHS did not say whether the agency had made expedited processing determinations for any of ProPublica's other FOIA Requests.

21. On May 19, 2020, counsel for ProPublica contacted HHS by email to reiterate ProPublica's need to ascertain the status of its FOIA Requests and the associated expedited processing determinations. As of this filing, HHS has not responded to that email or provided any additional clarification as to the status of ProPublica's Requests.

## COUNT I
**Denial of and Failure to Grant Expedited Processing of FOIA Requests**

22. ProPublica repeats, realleges and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

23. ProPublica properly requested records within the possession, custody, and control of HHS on an expedited basis.

24. HHS is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 45 C.F.R. § 5.27(b).

25. ProPublica is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal Government activity that is the subject of ProPublica's FOIA Requests, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 45 C.F.R. § 5.27(b)(2).

26. HHS has wrongfully denied ProPublica's request for expedited treatment as to at least one of its FOIA Requests. HHS may have also wrongfully denied requests for expedited treatment as to its other FOIA Requests, and has ignored repeated requests for clarification as to the status of those requests for expedited treatment.

27. HHS may have also failed to determine whether expedited processing was appropriate, and notify ProPublica of any such determination, within ten days of the date of the Requests.

28. Any denial or failure to grant expedited processing violates FOIA and HHS regulations.

29. ProPublica is, therefore, entitled to injunctive and declaratory relief requiring HHS to grant expedited processing of the Requests.

## COUNT II
### Wrongful Withholding of Non-Exempt Records

30. ProPublica repeats, realleges and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

31. HHS is an agency subject to FOIA and must disclose in response to a proper request for records all responsive records within its control and provide a lawful reason for withholding any portion of the records requested.

32. HHS has failed to provide records responsive to the Requests within the time limits required by FOIA. Accordingly, ProPublica is deemed to have exhausted its administrative remedies.

33. HHS has violated FOIA by failing to issue a determination and to release the records within the time limits required by law.

34. HHS has no lawful basis for failing to disclose the records sought by the Requests.

35. Accordingly, ProPublica is entitled to an order enjoining HHS from withholding agency records and compelling the production of records sought by the Requests.

## **REQUEST FOR RELIEF**

WHEREFORE, ProPublica respectfully requests that this Court:

a. Order HHS to expedite the processing of ProPublica's Requests, to the extent it is not already doing so;

b. Declare that the records sought by the Requests are public and must be disclosed;

c. Order HHS to provide the records sought by the Requests to ProPublica promptly;

d. Award ProPublica the costs of this proceeding, including reasonable attorneys' fees, as permitted by FOIA; and

e. Grant ProPublica such other and further relief as this Court deems just and proper.

Dated: May 28, 2020                            Respectfully submitted,

*/s/ Al-Amyn Sumar*
Al-Amyn Sumar

BALLARD SPAHR LLP

Paul J. Safier (*pro hac vice* application forthcoming)
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 988-9146
Facsimile: (215) 864-8999
safierp@ballardspahr.com

Al-Amyn Sumar
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Telephone: (202) 661-7693
Facsimile: (202) 661-2299
sumara@ballardspahr.com

*Counsel for Plaintiff*