AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By: ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2743
Fax: (212) 637-2730
Email: ellen.blain@usdoj.gov

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

PRO PUBLICA, INC.,

                Plaintiff,

     vs.

U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,

                Defendant.

------------------------------------------------------------- X

20 Civ. 4092 (ALC)

ECF Case

**ANSWER**

      Defendant the United States Department of Health and Human Services ("HHS" or "Defendant"), by its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiff Pro Publica, Inc. ("Plaintiff") upon information and belief as follows:

INTRODUCTION

      1.     Paragraph 1 of the complaint consists of Plaintiff's characterization of this action, to which no response is required.

      2.     Paragraph 2 of the complaint consists of Plaintiff's characterization of the basis for this action, to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations stated therein.

## PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Paragraph 5 contains Plaintiff's assertion that HHS constitutes an "agency" within the meaning of 5 U.S.C. § 552(f) and has possession and control over some or all of the requested records, which is a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

6. Paragraph 6 of the complaint contains statements of jurisdiction and conclusions of law to which no response is required.

7. Paragraph 7 of the complaint contains statements of venue and conclusions of law to which no response is required.

8. Paragraph 8 of the complaint consists of Plaintiff's characterization of the basis for this action, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## BACKGROUND

9. Paragraph 9 of the complaint consists of Plaintiff's characterization of the basis for this action, to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, except admit that the Strategic National Stockpile was established in 1999.

10. Paragraph 10 of the complaint consists of Plaintiff's characterization of the basis for this action, to which no response is required. To the extent a response is required, Defendant

denies knowledge or information sufficient to form a belief as to the truth of the allegations stated therein.

11. Paragraph 11 of the complaint consists of Plaintiff's characterization of the basis for this action, to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and respectfully refers the Court to HHS's website concerning the Strategic National Stockpile, at https://www.phe.gov/about/sns/Pages/default.aspx, for a true and complete statement of its contents.

## PRO PUBLICA'S FOIA REQUESTS

12. Defendant admits that it received FOIA requests from Plaintiff in or about March 2020 and April 2020, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 of the complaint.

13. Defendant admits that it received FOIA requests from Plaintiff on or about March 17, 2020, and March 18, 2020. The remainder of Paragraph 13 of the complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA requests for a true and complete statement of their contents.

14. Defendant admits that it received FOIA requests from Plaintiff on or about March 17, 2020, March 18, 2020, and April 3, 2020. The remainder of Paragraph 14 of the complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA requests for a true and complete statement of their contents.

15. Defendant admits Plaintiff sought expedited processing for the FOIA requests. The remainder of Paragraph 15 of the complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA requests for a true and complete statement of their contents.

16. Defendant admits that HHS received an email from Plaintiff on or about April 22, 2020, and respectfully refers the Court to the April 22, 2020, correspondence for a true and complete statement of its contents.

17. Defendant admits that an HHS employee emailed Plaintiff on or about May 4, 2020, and respectfully refers the Court to the May 4, 2020, correspondence for a true and complete statement of its contents.

18. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the complaint, except admits that Plaintiff emailed HHS on or about May 8, 2020, and an HHS employee emailed Plaintiff on or about May 15, 2020, and respectfully refers the Court to the May 8 and 15, 2020, correspondence for a true and complete statement of its contents.

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the complaint, except admits that an HHS employee emailed Plaintiff on or about May 18, 2020, and respectfully refers the Court to the May 18, 2020, correspondence for a true and complete statement of its contents.

21. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the complaint, except admits that counsel for Plaintiff emailed HHS on or about May 19, 2020, and respectfully refers to the Court to the May 19, 2020, correspondence of a true and complete statement of its contents, and admits HHS had not otherwise responded to Plaintiff's FOIA Requests as of the date of the filing of the complaint.

## COUNT I

22. Paragraph 22 of the complaint contains a repeat of the allegations recited above, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the responses above.

23. Paragraph 23 of the complaint contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the complaint.

24. Paragraph 24 of the complaint contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 24 of the complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 25 of the complaint.

26. Denies the allegations in paragraph 26 of the complaint.

27. Denies the allegations in paragraph 27 of the complaint.

28. Denies the allegations in paragraph 28 of the complaint.

29. Denies the allegations in paragraph 29 of the complaint.

## COUNT II

30. Paragraph 30 of the complaint contains a repeat of the allegations recited above, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the responses above.

31. Paragraph 31 of the complaint contains Plaintiff's characterization of this action, to which no response is required.   To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552 for a true and accurate statement of the contents of the FOIA statute.

32. Paragraph 32 of the complaint contains Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 32 of the complaint.

33. Denies the allegations in paragraph 33 of the complaint.

34. Denies the allegations in paragraph 34 of the complaint.

35. Denies the allegations in paragraph 35 of the complaint.

## REQUEST FOR RELIEF

The remainder of the Complaint contains Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief it seeks.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

The complaint should be dismissed because Plaintiff's request calls for an unreasonably burdensome search.

## SECOND DEFENSE

The complaint should be dismissed to the extent that a search for responsive agency records would significantly interfere with the operation of Defendant's automated systems. *See* 5 U.S.C. § 552(a)(3)(C).

## THIRD DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

## FOURTH DEFENSE

To the extent that any responsive document is exempt from disclosure under FOIA, it has been properly withheld. *See* 5 U.S.C. § 552(b).

## FIFTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

## SIXTH DEFENSE

Plaintiff's requests fail, in whole or in part, to reasonably describe the requested records under 5 U.S.C. § 552(a)(3)(A).

Defendant may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated: July 1, 2020
       New York, New York

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:   /s/ Ellen Blain
ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2743
Fax: (212) 637-2730
Email: ellen.blain@usdoj.gov