

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

September 4, 2020

BY ECF
The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Pro Publica, Inc. v. U.S. Dept. of Health & Human Servs.*, 20 Civ. 4092 (LGS)

Dear Judge Schofield:

    I write respectfully on behalf of Defendant the United States Department of Health & Human Services ("HHS") to request that the Court set a schedule for responding to Plaintiffs' Freedom of Information Act ("FOIA") request that requires HHS to process 500 pages per month. District courts have adopted similar schedules, and it reflects a fair and reasonable interpretation of FOIA's requirements. The schedule Plaintiff proposes—to process 5,000 pages per month—is not practicable. To the contrary, it would comprise approximately one-third of all of HHS's court-ordered processing requirements per month during a period marked by a surge in FOIA litigation and constraints imposed by the COVID-19 pandemic.

**A.    Procedural History:**  Plaintiff seeks records from HHS relating to the agency's distribution of medical and other supplies from the Strategic National Stockpile in response to the coronavirus pandemic. *See* ECF No. 1 at ¶¶ 13-14. Plaintiff sought expedited processing for each of its requests; HHS denied one request before Plaintiff filed this action and granted the remaining requests promptly thereafter. *See* Dkt. No. 17 at 2. The parties have been working diligently to fashion searches designed to return potentially responsive documents, and HHS has started producing documents responsive to one request. *See id.* The parties have agreed on specific searches – including search terms, custodians, date ranges, and locations – for all seven of Plaintiff's requests. However, the parties have been unable to agree on a processing and production schedule.

**B.    Plaintiff's Proposed Schedule Is Not Practicable**: HHS has experienced not only an unanticipated and rapid increase in incoming FOIA requests over the past four years, but a sudden and unpredictable spike in incoming FOIA requests due to HHS's central role in responding to the COVID-19 pandemic.[1] Specifically, in FY 2016, the HHS FOIA Office received 1,377 incoming FOIA requests; in FY 2017, HHS received 1,633 FOIA requests, an increase of 19%; in FY 2018, HHS received 1,926 FOIA requests, an increase of 18%; and in FY 2019, HHS received 1,733

---

[1] Factual representations herein are based on information provided by HHS.

requests. In total, between FY 2017 and FY 2019, the number of incoming FOIA requests increased by an overwhelming 26%. Those numbers have spiked in 2020. In the months of March, April, and May of 2020, HHS received on average 230 requests per month, putting it on a pace of receiving 2,760 requests this year—approximately 1,000 more FOIA requests than each of the preceding three fiscal years. Indeed more than 300 FOIA requests received this year relate directly to COVID-19 and many of these requests have sought and been granted expedited processing.

In addition, as of August 25, 2020, the HHS FOIA Office is involved in 55 FOIA litigation matters, constituting 120 to 150 individual FOIA requests. Pursuant to court orders in some of those cases, the HHS FOIA Office is required to process 17,000 to 20,000 pages per month. Moreover, HHS is still searching for responsive documents in other cases in litigation, and a document processing and production schedule has not yet been set. Furthermore, the majority of the named custodians and subject-matter experts knowledgeable about the topics covered in the COVID-19-related requests are unavailable for consultation because they are fully engaged in time-critical work responding to the pandemic. The unavailability of custodians and subject-matter experts makes it difficult to craft targeted searches, which results in the FOIA Office relying on electronic searches that produce immense volumes of data. This massive increase in data coexists with a workforce that has been placed on maximum telework due to the COVID-19 pandemic. Currently, all HHS OS FOIA Office employees are teleworking. Transfer of the large amounts of data retrieved in electronic records searches to the processing teams has proven difficult and adds to the burden of document review, processing and production.

In this case, although HHS granted Plaintiff's request for expedited processing, *see* Dkt. No. 17 a 2, Plaintiff's request that HHS process 5,000 pages per month is not practicable. FOIA provides that agencies will "process" expedited requests "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii). When considering whether a proposed schedule is "practicable," courts examine whether an agency has presented "credible evidence" regarding such considerations as the number of "expedited FOIA requests the agency is already processing," the "volume of classified material at issue," "the need for agency staff to review the material," and the "competing . . . obligations to which the same agency staffers who are responsible for gathering and reviewing documents responsive to the FOIA Request must attend." *EPIC v. Dep't of Justice*, 15 F. Supp. 3d 32, 42 (D.D.C. 2014) (internal quotation marks omitted); *cf. Brennan Ctr. for Justice v. U.S. Dep't of Justice*, No. 17 Civ. 6335 (KBF), 2018 WL 637424, at *3 (S.D.N.Y. Jan. 31, 2018) (acknowledging "challenges inherent in processing a large number of FOIA requests and the time constraints that competing requests and/or court orders can present").

HHS has presented "credible evidence" that attempting to comply with Plaintiff's proposed schedule would interfere with the ability of HHS's FOIA staff to meet their competing obligations. Plaintiff's request would require HHS process 5,000 pages per month, in addition to its current court-ordered amount of 17,000 to 20,000 pages per month. Requiring HHS to increase its entire FOIA monthly production for cases in litigation by one-third to one-fourth is particularly impracticable given the constraints of telework. Moreover, directing FOIA staff to process 5,000 pages per month in this case would divert resources from the 66 other expedited requests HHS is currently processing– many of which also relate to the COVID-19 pandemic.

**C.     The Court Should Grant Defendants Additional Time to Process:**  The Court should "allow the agenc[ies] additional time to complete [their] review of the records," because Defendants face "exceptional circumstances." 5 U.S.C. § 552(a)(6)(C)(i); *see also Citizens for Responsibility & Ethics in Wash. ("CREW") v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013). The "exceptional circumstances provisions allow agencies to deal with broad, time-consuming requests (or justifiable agency backlogs)." *Id.* Courts have found exceptional circumstances where agencies show (1) a "dramatic one-year increase" in the number of FOIA requests, (2) that they are "presently engaged in extensive litigation," (3) that the "ongoing litigation has . . . strained . . . FOIA-related resources," and (4) that the agency "is taking steps to reduce the present backlog." *Daily Caller*, 152 F. Supp. 3d at 12. An agency's need for "more time to respond to a particularly burdensome request" is precisely the type of situation that the exceptional circumstances provisions are meant to address. *CREW*, 711 F.3d at 189. Here, HHS has shown each factor that led to a finding of "exceptional circumstances" in *Daily Caller*. First, HHS has experienced a 26% increase in FOIA requests since FY 2016, and this year, is on track to receive 1000 more FOIA requests than last year – a more than 50% increase. Second, HHS is engaged in extensive litigation as described above. Third, such increased litigation has strained the agency's resources, and Plaintiff's proposed schedule would compound that strain. Finally, HHS has taken steps to address its backlog, by hiring four additional contractors and re-assigning two others.

**D.     Defendants' Request Is Consistent with Courts' Practices:**  HHS's proposal that it process 500 pages per month is consistent with courts' prevailing practice in FOIA cases. Courts have adopted similar schedules in recent cases in this District and elsewhere. *See, e.g., Am. Civil Liberties Union v. DHS*, 20 Civ. 2213 (NRB) (S.D.N.Y), Dkt. No. 25, Order dated July 7, 2020 (ordering two components of DHS to process 250 and 750 pages per month, respectively); *N.Y. Civil Liberties Union v. Administration for Children and Families*, 20 Civ. 183 (MKV) (S.D.N.Y.), Dkt. No. 30, Order dated May 5, 2020 (ordering the agency to process 400 pages per month); *Middle E. Forum v. U.S. Dep't of Homeland Sec.*, No. 17 Civ. 767 (RCL) (GMH), 2018 WL 1178022, at *3–4 & *3 n.3 (D.D.C. Mar. 5, 2018) ("On this record, 500 pages per month is an appropriate rate of production"; "[i]n a number of recent cases in this District, a production rate of 500 pages per month has been approved, collecting cases); *Energy & Env't Legal Inst. v. U.S. Dep't of State*, No. 17 Civ. 340 (D.D.C.), Minute Order of August 22, 2017 (300 pages per month); *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 17 Civ. 205 (D.D.C.), Minute Order of June 30, 2017 (300 pages every four weeks); *Freedom Watch v. Bureau of Land Mgmt.*, No. 16 Civ. 2320 (D.D.C.), Minute Order of June 13, 2017 (500 pages every 30 days). Plaintiff's reliance on *Open Society Justice Initiative v. CIA*, 399 F. Supp. 3d 161 (S.D.N.Y. 2019), concerning a request for documents related to the killing abroad of U.S. resident Jamal Khashoggi, is misplaced. While the court ordered the State Department and the Department of Defense to process 5,000 pages per month, the court did so in part because DOD had failed to comply with a court order to provide a proposed processing schedule, and because "DOD was not able to provide any facts at all regarding its processing capabilities," *id.* at 163 – circumstances that are not present here. Moreover, that decision was issued before the COVID-19 pandemic and the resulting 50% increase in FOIA requests (as to HHS) and impact on agency personnel and telework constraints.

    For the reasons set forth above, HHS respectfully requests that the Court enter a schedule that requires the agency to process 500 pages per month. We thank the Court for considering this request.

Respectfully,

AUDREY STRAUSS
Acting United States Attorney

By:   */s/ Ellen Blain*
ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel: (212) 637-2743
Email: ellen.blain@usdoj.gov

4